CECIL E. DOYLE, Guardian, Appellee, v. J. E. DUGAN, d/b/a CENTRAL OIL & GREASE COMPANY, Appellant.

No. 45374.

DECEMBER 10, 1940.

Walter E. Sebesta, J. R. Hansen, and Haemer Wheatcraft, for appellant.

Kuhlemeier, Poor, Fischer & Cray and Thomas & Walter, for appellee.

MILLER, J.—Plaintiff's petition asserts that he is the guardian of Donald Doyle, who was employed by the defendant when but 17 years of age, and while so employed received a personal injury on July 20, 1938; that defendant did not carry insurance

as required by the workmen's compensation law and, because of such failure, the compensation law was not applicable. Plaintiff claimed damages in the amount of $3,000 subject to a credit of $331.20 received from defendant, making a net amount due plaintiff in the sum of $2,668.80.

Defendant demurred to the petition, asserting that it failed to show compliance with the requirements of section 1480 of the Code, 1935. The demurrer was overruled. No appeal was taken from such ruling. Defendant then answered, asserting that an agreement for the payment of workmen's compensation was entered into pursuant to which defendant paid medical expense amounting to $596.96 and workmen's compensation amounting to $355.66; that the agreement for workmen's compensation was approved by the industrial commissioner and no appeal taken nor petition for review filed; that no election was made pursuant to section 1480 of the Code. Defendant denied the allegations of the petition not specifically admitted. Attached to the answer of defendant were answers to interrogatories to the effect that defendant admitted that he did not carry liability insurance, had not been relieved from such requirement by the insurance commissioner, and did not post the notice required by section 1468 of the Code.

Plaintiff's reply admitted the receipt of $355.66, the execution and approval of the agreement for workmen's compensation, but asserted that such agreement was procured by fraud in that the defendant falsely represented that he carried insurance under the workmen's compensation law; that because of such false and fraudulent representation, plaintiff's ward did not know he was entitled to an election, as required by section 1480 of the Code, did not make such election, and, because of the fraud, such election was not required.

The cause was tried to a jury. At the close of the plaintiff's evidence and again at the close of all the evidence, defendant moved for a directed verdict which asserted the following propositions: (1) Plaintiff has failed to establish a right to recover under the common law, as modified by the statutes of Iowa; (2) the evidence shows without dispute that defendant has in his employ five or more employees engaged in hazardous employment; (3) the evidence shows plaintiff's

ward failed to make an election as required by section 1480 of the Code; (4) the record shows that the court has no jurisdiction of the subject matter of the suit; (5) under the record, plaintiff's ward is conclusively presumed to have elected to accept workmen's compensation and did accept compensation payments; (6) an agreement for workmen's compensation was entered into and payments thereunder accepted; (7) plaintiff's ward was advised that insurance affected his recovery and, following receipt of such information, still elected to enter into such agreement for workmen's compensation; (8) there is no showing that the agreement for workmen's compensation was procured by fraud; (9) a verdict of the jury in favor of the plaintiff would be contrary to law; (10) the contention of fraud is not supported by evidence of wilful or positive misrepresentations made with intent to deceive.

The motion for directed verdict was overruled. The cause was submitted to the jury. The record before us does not contain the instructions to the jury. The jury returned a verdict for plaintiff in the sum of $1,000. Judgment was entered thereon. Defendant filed a motion for new trial, which asserted misconduct on the part of the jury and was supported by the affidavit of the foreman of the jury to the effect that, in reaching its verdict of $1,000, the jury figured that $355.66 would be deducted and the remainder of $644.34 would cover the expense of approximately $250 for future hospital and doctor bills, attorney fees and expenses. The motion for new trial was overruled. Defendant appeals.

Before undertaking to dispose of appellant's contentions, there are certain features of the workmen's compensation law which should be referred to. The act is compulsory as to certain employments and elective as to others. Under the record, the defendant had the right to elect to accept or reject the act and his employees had a similar right of election. There is no claim that either employee or employer exercised the right of election. Accordingly, pursuant to section 1377 of the Code, 1935, the parties are presumed to have elected to come within the provisions of the act and, under section 1380 of the Code, the rights and remedies provided by the statute are exclusive. Section 1467 of the Code requires every employer subject to

the provisions of the act to insure his liability thereunder unless relieved therefrom as provided in the act. The answers to interrogatories filed by defendant admit that defendant failed to insure his liability and failed to secure relief from such requirement. Section 1468 provides that an employer who fails to insure his liability shall keep posted a notice to that effect. The answers to the interrogatories admit that this notice had not been posted. Section 1479 provides that, where an employer has more than five persons employed in a hazardous employment subject to the act and has failed to insure his liability when not relieved from such requirement, then employees who have not rejected the act, in case of injury in the course of and arising out of such employment, shall have the right to elect to collect workmen's compensation or collect damages at common law as modified by chapter 70 of the Code. Section 1480 requires the employee entitled to make an election under section 1479 to do so in writing and file it with the industrial commissioner within 60 days after receiving an injury, and, if one having the right to so elect fails to make such election, it shall be conclusively presumed that the employee elected to accept workmen's compensation.

██ Appellant's first assignment of error asserts that plaintiff is not entitled to recover herein for the following reasons: (1) The district court did not have jurisdiction because of the execution of the agreement for workmen's compensation; (2) the approved agreement for workmen's compensation has the same force and effect as an award by the commissioner; (3) the award of the commissioner, not being appealed from, is res adjudicata of the rights of the parties and the payment of compensation pursuant thereto is an accord and satisfaction which cannot be collaterally attacked. The second assignment of error asserts that plaintiff failed to prove notice of an election as required by section 1480 of the Code. The third assignment of error asserts that the evidence shows conclusively that plaintiff's ward elected to accept workmen's compensation. The fourth assignment of error asserts that plaintiff failed to prove that the agreement for workmen's compensation was obtained by fraud. These propositions present two questions for our decision. The first is whether the agreement for workmen's compensation can

be attacked in this action, and the second is whether plaintiff proved that the agreement was procured by fraud which vitiates it.

Defendant's claim that the agreement for workmen's compensation is not subject to collateral attack assumes that the industrial commissioner would have jurisdiction to entertain proceedings to set the same aside on the grounds of fraud. Appellant does not undertake to demonstrate any statutory provisions giving such jurisdiction to the industrial commissioner and we have been unable to find any, nor do we find any decisions of this court cited in the briefs on both sides or as a result of independent research wherein this court has directly passed upon this proposition.

However, the case of Comingore v. Shenandoah Art. Ice Co., 208 Iowa 430, 226 N. W. 124, presents a situation that is somewhat analogous. In that case, an agreement for workmen's compensation had been entered into with the widow of an employee who was fatally injured. There were no dependents other than the widow. She received workmen's compensation payments for a considerable period of time and, while receiving such payments, remarried. Pursuant to subparagraph 1c of section 1402 of the Code, 1935, "When the deceased leaves no dependent children and the surviving spouse remarries, then all compensation shall cease on the date of such marriage." The employer learned of the remarriage of the spouse and brought reopening proceedings to terminate the compensation. The remarriage being established, the industrial commissioner terminated the employer's liability for compensation and, substantial payments having been made between the date of the remarriage and the discovery of that fact, also ordered the claimant to repay to the employer the payments received during that period. On appeal to the district court, the decision of the commissioner was affirmed. On appeal to this court, the judgment was modified and affirmed, this court stating, at page 441 of 208 Iowa, page 129 of 226 N. W., as follows:

"The order of the industrial commissioner as made, with respect to the period during which the weekly compensation of $15 per week was payable to the surviving spouse,—that is, up

to the date of her remarriage,—was correct. In this respect, but no further, the order was properly affirmed by the district court of Page County, Iowa.

"As to the restitution of the moneys theretofore paid, the commissioner acted without jurisdiction in the premises. An action in assumpsit for money had and received by the claimant beyond the statutory period is for another tribunal to determine and decide."

Pursuant to the foregoing pronouncement of this court, we are of the opinion and hold that, since the commissioner does not have jurisdiction to order the repayment of workmen's compensation paid pursuant to an agreement approved by him but under which more compensation was paid than due because of the wrongful act of the claimant, he likewise has no jurisdiction to determine the rights of the parties where as here his jurisdiction is challenged because of fraud on the part of the employer. In each instance, the matter is one for another tribunal to determine and decide.

The relief here sought by the plaintiff requires the exercise of equitable jurisdiction. In the case of Young v. Tucker, 39 Iowa 596, 600, we state:

"The defendant cannot plead the decree, if fraudulent, as an adjudication which will cut off plaintiff's rights. That adjudication, as charged in the petition, was procured by the fraud of defendant, and is not binding on plaintiff. Equity always stands ready to defeat fraudulent purposes, and to restore claimants to rights of which they have been deprived through fraud. The time for appeal, in this particular case, having passed, and plaintiff being without other remedy, chancery will afford relief. Hoskins v. Hollenback et al., 14 Iowa 314; Patridge v. Harrow & Harrow, 27 Iowa 97; Brown v. The Troy Portable Mill Co., 31 Iowa 460."

In the case of Clark v. Ellsworth, 84 Iowa 525, 529, 51 N. W. 31, 32, we state:

"Courts of equity have jurisdiction to grant relief against judgments obtained by fraud in cases where the fraud is not, and by the exercise of reasonable diligence would not have been, dis-

covered by the party defrauded, until after the expiration of the time allowed in the statute for retrials. Lumpkin v. Snook, 63 Iowa 517; McConkey v. Lamb, 71 Iowa 636; Carrier v. Chicago, R. I. & P. Ry. Co., 79 Iowa 81. When the party entitled to the remedy has been prevented from availing himself of it, during the time allowed by the statute, by the fraud or procurement of his adversary, a court of equity has power to grant him relief. Lumpkin v. Snook, supra.''

In the case of Tollefson v. Tollefson, 137 Iowa 151, 154, 114 N. W. 631, 632, we state:

''While section 4091 provides for a new trial by petition within one year, when the final judgment was obtained by fraud practiced in obtaining the same, we have held that the remedy under this statute is not exclusive, when the fraud is not discovered within the year, and that, in such cases, courts of equity have jurisdiction to grant new trials independently of the statute. Graves v. Graves, 132 Iowa 199; Mahoney v. State Ins. Co., 133 Iowa 570; Larson v. Williams, 100 Iowa 110. But the fraud which will authorize the granting of a new trial under this rule must be extrinsic or collateral to the matter directly involved in the original case. False testimony in the trial of the original action is not alone sufficient to warrant a new trial. Graves v. Graves, supra. Extrinsic or collateral fraud, within the meaning of this rule, may consist of acts or promises lulling the defrauded party into false security, or preventing him from making defense, and many other acts. Pico v. Cohn, 91 Cal. 129 (25 Pac. 970, 27 Pac. 537, 13 L. R. A. 336, 25 Am. St. Rep. 159).''

We are of the opinion and hold that the relief here sought by the plaintiff was within the contemplation of the rules announced by this court in the above quotations. The fraud here practiced upon plaintiff's ward was extrinsic and collateral to the matter directly decided by the industrial commissioner when he approved the agreement for compensation. It consisted of false statements which led the plaintiff to believe that the only recourse open to him was under the workmen's compensation act. This prevented him from making an election and pursuing the remedy at common law to which he was entitled had he known the true facts. The industrial commissioner does not have jurisdic-

tion to entertain such a bill in equity. The district court was the only tribunal having such jurisdiction.

As above pointed out, the relief here sought, insofar as the avoidance of the agreement for workmen's compensation is concerned, was equitable relief. The action was one at law. Appellant made no objection to the matter being tried on the law side of the calendar. In any event, the district court had jurisdiction to grant any relief warranted by the record. In In re Estate of Heaver, 168 Iowa 563, 567, 150 N. W. 698, 700, we state:

"All proceedings, whether probate, equity, or law, are before the same court. Tucker v. Stewart, 121 Iowa 714; Goodnow v. Wells, 67 Iowa 654.

"Forms of action only differ and these are not controlling. They are adopted for purposes of efficiency in and not as a clog to the administration of justice. The remedy to which either party is entitled may be awarded in utter disregard of the place on the calendar. The cause may be docketed, whether with the actions at law, suits in equity or with the estates in probate, unless objection is raised in the manner prescribed by statute. Secs. 3432, 3433, 3434, Code. In the absence of any motion to transfer to the proper place, the parties are presumed to assent to the trial of the cause where instituted and cannot thereafter be heard to complain on this ground. Smith v. Haas, 132 Iowa 493; In re Estate of Douglas, 140 Iowa 603; Campbell v. Collins, 152 Iowa 608."

This brings us to the question whether or not the evidence warranted the jury in finding that the agreement for workmen's compensation was entered into as a result of false and fraudulent misrepresentations by the defendant.

As above pointed out, the defendant admits that he did not carry liability insurance and that he did not post the notice required by section 1468 of the Code. Plaintiff's ward might well have assumed that defendant had complied with the law, was carrying liability insurance and, accordingly, that no election was available to him under section 1479 of the Code. But the evidence goes much further than this. The jury was warranted in finding the following facts. At the hospital, defendant's manager introduced one of the doctors to plaintiff's

ward as the insurance company doctor and told the ward that everything would be taken care of by their insurance. The night of the injury, the manager told the ward's mother that the insurance company would take care of it and, on the afternoon of the injury, told the ward's father, "Our insurance company will take care of it", and later, "Our insurance company takes care of everything", and still later told him that the insurance company was a mutual concern in Davenport. When the agreement was presented to the ward by defendant's manager, he was told that it was in respect to their insurance and provided for all he could get. Later when the ward, his father, and his attorney went to defendant's office and discussed the matter with defendant's managers, the attorney asked them if they carried insurance and was told that they did, that they carried it out of the tri-cities. The attorney told them if they did not have insurance they would have a lawsuit on their hands and they said they did. There is also evidence that these statements were relied upon by the ward and his parents, and that the notice to reject the provisions of the act was forwarded to the industrial commissioner promptly after knowledge that defendant did not have insurance was obtained.

We are of the opinion and hold that the evidence was sufficient to justify the jury in finding that false and fraudulent misrepresentations were made for the purpose of preventing plaintiff's ward from taking advantage of the election accorded him by section 1479 of the Code; that because of such fraud, he is relieved from the strict requirements of section 1480 limiting his election to 60 days from the date of injury; that the election having been made promptly after discovery of the fraud, plaintiff was entitled to maintain this action, avoid the effect of the agreement for compensation because of such fraud, and recover at common law, pursuant to the provisions of section 1479 of the Code. Accordingly, we find no merit in the first four assignments of error asserted by appellant.

Appellant's fifth assignment of error asserts that the court should have sustained the motion for new trial because of the misconduct of the jury set forth in the affidavit of the fore-

man. There is no merit in this contention. The foreman's affidavit might imply that the instructions were misleading. However, since the instructions are not set out in the abstract and are not challenged in any way, this question is in no way before us. The statement that the jury misunderstood the law, which we must assume was correctly stated in the instructions, is not a proper ground to impeach the verdict. In the case of Porter v. Whitlock, 142 Iowa 66, 72, 120 N. W. 649, 651, we state:

''The grounds upon which the jurors assent to the verdict, where there has been no misconduct in bringing extraneous matters to the jurors' attention, can not be shown to impeach it, nor is it competent in this way to show that the jury misunderstood the law. Fox v. Wunderlich, 64 Iowa, 187; Ward v. Thompson, 48 Iowa, 588; Wright v. Illinois & M. T. Co., 20 Iowa, 195; Clark v. Van Vleck, 135 Iowa, 194; McMahon v. Iowa Ice Co., 137 Iowa, 368.''

Since we find no merit in the assignments of error asserted by appellant, the judgment is affirmed.—Affirmed.

RICHARDS, C. J., concurs in the result.

All other JUSTICES concur.