Axtell FORD, Individually, and as representing all persons composing the class of members of the IADA Workmen's Compensation Group, Appellees,

v.

Donald Wayne BARCUS, Appellant.

No. 52507.

Supreme Court of Iowa.

Jan. 9, 1968.

Davis, Huebner, Johnson & Burt, Des Moines, for appellant.

Korf, Diehl, Clayton & Cleverley, Newton, for appellees.

MOORE, Justice.

This is an action commenced in equity by an employer and his workmen's compensation insurance carrier against a former employee to set aside a memorandum of agreement as to workmen's compensation and for restitution of funds paid thereunder on the ground they were fraudulently procured. Defendant's special appearance asserting the trial court was without jurisdiction and the controversy belonged exclusively before the industrial commissioner was overruled. Following trial, judgment was entered for plaintiffs. Defendant has appealed. We affirm.

Defendant relies on three propositions for reversal, (1) the trial court erred in overruling his special appearance, (2) having set aside the memorandum of agreement the trial court should have remanded further proceedings to the industrial commissioner for his determination and (3) the evidence was insufficient to establish certain essential elements of the charge of fraud.

I. Our review of this equity case is de novo. Rule 334, Rules of Civil Procedure. In such a case, especially when considering the credibility of witnesses, we give weight to fact findings of the trial court but are not bound by them. Authorities need not be cited. Rule 344(f)7, R.C.P.

We have carefully read and considered the testimony of the witnesses before the trial court together with the written statements given the insurance carrier by defendant and his fellow employee Robert Perry. These statements fail to reveal and carefully conceal the cause of defendant's injury as established by the great weight of the other evidence.

Our study of the entire record causes us to agree with these findings of fact by the trial court: "On December 11, 1962, the defendant, Donald Wayne Barcus, a young man by the name of Louis Saak and one named Robert Perry were employed by Axtell Ford body shop in Newton, Iowa. About 11 a. m., on that day, defendant Barcus came to the car that Perry was working on and made some suggestions as to the work that Perry was engaged in. Saak, who was putting glass in a car window near the place where Perry was working, made a comment to the effect that he could paint better than Perry. At this point the testimony is in sharp dispute as to what next happened. The Court, however, finds that Barcus then suggested that Saak be 'taken down' and his privates

greased; that Barcus placed his hands on Saak and in the scuffle Barcus was knocked to the floor and was seriously injured; that Barcus told Saak and Perry to tell the employer that he, Barcus, had become entangled in an air hose and had fallen on on a 2 x 4. Axtell was called to the shop where Barcus, Saak and Perry were, was told by Perry in the presence of Barcus what (as he put it) 'we had agreed on.' Barcus did not at that time or later, as far as the record shows, disclose that he had been knocked to the floor by Saak nor the true situation leading up to the accident. As a result of the statements made to Axtell and in reliance thereon, a Memorandum Agreement as to Compensation was filed with the Iowa Industrial Commissioner about August 12, 1963, and Workmen's Compensation payments were made to defendant in the total amount of $1,087.08. The Court further finds that defendant's injuries did not arise out of, nor were they received in the course of, his employment and that said injuries were suffered and sustained as the direct result of 'horseplay' in which defendant was then engaged."

II. On April 3, 1964 which was several months after the last compensation payment, Barcus filed a petition with the industrial commissioner for review-reopening against Axtell Ford and its insurer alleging his condition was such as would warrant additional compensation.

April 17, 1964 plaintiffs filed an answer denying the claim for additional compensation and affirmatively alleged the memorandum of agreement was fraudulently procured, was void and that Barcus was the aggressor in horseplay which made his injury noncompensable. Barcus' reply denied these affirmative allegations.

Plaintiffs' petition in equity was filed in May 1964 in the district court alleging the memorandum of agreement of August 12, 1963 was procured by fraud and was therefore void. Plaintiffs alleged substantially the same facts regarding horseplay as stated

in the answer filed with the commissioner and further alleged Barcus' injury did not arise out of and in the course of his employment.

The prayer of plaintiffs' petition asked the memorandum of agreement and the industrial commissioner's approval thereof be declared null and void and that they be vacated and set aside. It further asked the payments made thereunder be cancelled, set aside and plaintiffs have judgment for the amount thereof.

Defendant, Barcus, filed a special appearance challenging the jurisdiction of the district court to hear plaintiffs' petition. He therein asserted, (1) the industrial commissioner had jurisdiction of all matters arising out of injuries sustained during employment, including equitable matters, (2) if jurisdiction is found concurrent, the commissioner had already taken jurisdiction and the district court should not intervene and (3) where remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act.

The trial court, then, Judge Harold J. Fleck, overruled defendant's special appearance. His conclusions of law include:

"1. Doyle vs. Dugan, 229 Iowa 724, 295 NW 128 holds:

" 'The Industrial Commissioner does not have jurisdiction to entertain an action to set aside a fraudulently induced compensation agreement approved by him, such matter lies within the realm of the equity jurisdiction of the District Court.' This case still stands as the law of Iowa.

"2. The Industrial Commissioner is not a court in the true sense, but an administrative agency which derives its power and duty from the statutes of the State of Iowa, which have been construed by the Courts as granting the power to determine the facts and questions of law, not equitable matters."

In Comingore v. Shenandoah Art. Ice, etc., Co., 208 Iowa 430, 226 N.W. 124, where

a widow, after her undisclosed remarriage, continued to take weekly compensation to which she was not entitled under the statute, we held on the employer's application before the commission he could correct any mistake in his order approving a memorandum of agreement of settlement which was contrary to statute. At pages 441, 442, 208 Iowa, pages 129, 130, 226 N.W. we say: "As to the restitution of the moneys theretofore paid, the Commissioner acted without jurisdiction in the premises. An action in assumpsit for money had and received by the claimant beyond the statutory period is for another tribunal to determine and decide."

In Doyle v. Dugan, 229 Iowa 724, 295 N.W. 128, an action for damages was brought for injuries received by plaintiff's ward arising out of and in the course of his employment with defendant. The answer alleged the ward had elected to accept workmen's compensation and the payment thereof constituted an accord and satisfaction. In reply plaintiff asserted the agreement in reference to workmen's compensation was void because procured by fraud. Plaintiff alleged the employer had fraudulently represented he had complied with the requirements for coverage under the workmen's compensation statutes.

Like the case at bar the first assignment of error in Doyle v. Dugan raises the question of the district court's jurisdiction to determine the question of fraud practiced in securing the memorandum of agreement and the industrial commissioner's approval thereof.

▉ After recognizing the well established principles that equity always stands ready to defeat fraudulent purposes, and to restore claimants to rights of which they have been deprived through fraud and that courts of equity have jurisdiction to grant such relief we say in Doyle v. Dugan, at pages 731, 732, 229 Iowa, pages 131, 132, 295 N.W.: "The fraud here practiced upon plaintiff's ward was extrinsic and collateral

to the matter directly decided by the industrial commissioner when he approved the agreement for compensation. It consisted of false statements which led the plaintiff to believe that the only recourse open to him was under the workmen's compensation act. This prevented him from making an election and pursuing the remedy at common law to which he was entitled had he known the true facts. The industrial commissioner does not have jurisdiction to entertain such a bill in equity. The district court was the only tribunal having such jurisdiction.

"As above pointed out, the relief here sought, in so far as the avoidance of the agreement for workmen's compensation is concerned, was equitable relief."

In Scheel v. Superior Mfg. Co., 249 Iowa 873, 89 N.W.2d 377, an injured employee brought an action in equity to set aside, as fraudulently procured, an application for commutation of compensation payments filed with the industrial commissioner, together with his approval thereof and the order for lump sum payment. The trial court entered a decree for plaintiff which was affirmed on appeal.

In Scheel we state Doyle v. Dugan is closely in point and apply the same legal principles to the attack on the district court's jurisdiction. In Scheel like the case at bar defendant relied heavily on Travelers Ins. Co. v. Sneddon, 249 Iowa 393, 86 N.W.2d 870. In Scheel at page 880, 249 Iowa, page 381, 89 N.W.2d, we say: "The issue of jurisdiction presented in Travelers . Insurance Co. v. Sneddon, 249 Iowa 393, 86 N.W. 2d 870, is not involved here. That is quite a different case. A court of equity clearly has jurisdiction of the subject matter of such a suit as this. Doyle v. Dugan, 229 Iowa 724, 729–732, 295 N.W. 128, 131–132, and citations; Foote v. State Savings Bank, 201 Iowa 174, 178, 206 N.W. 819, and citations; Rathbun v. Baumel, 196 Iowa 1233, 1243, 191 N.W. 297, 30 A.L.R. 216." For a later such holding see Harrison v. Keller, 254 Iowa 267, 117 N.W.2d 477.

Defendant argues the industrial commissioner should have jurisdiction to entertain a bill in equity and to order restitution if found necessary. Our cited cases, particularly, Doyle v. Dugan, supra, hold to the contrary and defeat defendant's contentions asserted under his first assigned proposition. Doyle was decided in 1940. The legislature has not seen fit to enlarge the commissioner's jurisdiction in this area. We are not persuaded our holding in Doyle should be changed.

III. Defendant's second proposition relied on for reversal would require the trial court after setting aside the memorandum of agreement because of fraud in its procurement to then remand the controversy to the industrial commissioner. We are not cited any authority for such an order and have found none.

To "remand" a case means to send it back to the tribunal from which it was appealed or moved. 76 C.J.S., page 902; 36A Words and Phrases, Perm. Ed., pages 522, 523; Black's Law Dictionary, Third Ed., page 1525.

This is an original fraud case commenced in the district court over which, as we have already pointed out, the industrial commissioner has no jurisdiction. Defendant's second proposition is untenable.

IV. The essential elements of actionable fraud are: (1) representation, (2) falsity, (3) materiality, (4) scienter, (5) intent to deceive, (6) reliance, (7) resulting injury and damage. Gipp v. Lynch, 226 Iowa 1020, 1027, 285 N.W. 659, 662; Wyckoff v. A & J Home Benevolent Assn., 254 Iowa 653, 658, 119 N.W.2d 126, 129 and citations; Phoenix v. Stevens, 256 Iowa 432, 436, 127 N.W.2d 640, 642; Syester v. Banta, 257 Iowa 613, 625, 133 N.W.2d 666, 674.

Fraud cannot be presumed but must be affirmatively proved by the one who relies on it. It must be established by a preponderance of the evidence that is clear, satisfactory and convincing—such as to overcome the presumption in favor of fair dealing. Wyckoff v. A & J Home Benevolent Assn., supra, 254 Iowa 653, 657, 658, 119 N.W.2d 126, 128, 129, and citations; Syester v. Banta, 257 Iowa 613, 623, 133 N.W.2d 666, 673.

Fraud is of various kinds and may be committed by a suppression of the truth as well as by suggestion of falsehood. Popejoy v. Eastburn, 241 Iowa 747, 759, 41 N.W.2d 764, 770; Wyckoff v. A & J Home Benevolent Assn., 254 Iowa 653, 658, 119 N.W.2d 126, 129; 37 C.J.S. Fraud § 1, page 204; 23 Am.Jur., Fraud and Deceit, section 76, page 850.

The evidence in this case clearly establishes the necessary elements of fraud by defendant. The testimony of defendant's two fellow employees, Perry and Saak, establishes he was injured while engaged in horseplay. Defendant knew he had been injured while scuffling with a fellow employee and arranged a false report he had been injured while walking and tripped over an air hose. This false report was made by one of the fellow employees to the employer in defendant's presence and defendant remained silent. Defendant later signed a report stating he was injured "walking in shop to see how work was progressing". These statements were made knowing they would be believed by the employer and his compensation insurance carrier. The approval of the memorandum of agreement by the industrial commissioner was obtained based on the reports made by Perry and defendant. The employer and the insurance adjustor testified they relied on said representations.

The manner in which defendant was injured was very material to the question of whether compensation was to be paid. Horseplay which an employee voluntarily instigates and aggressively participates in does not arise out of and in the course of his employment and therefore is not com-

pensable. Wittmer v. Dexter Mfg. Co., 204 Iowa 180, 214 N.W. 700; 58 Am.Jur., Workmen's Compensation, section 268, pages 769, 770; 99 C.J.S. Workmen's Compensation § 225, pages 753, 754.

We have considered the many points argued by defendant. We agree with the holding and judgment of the trial court.

Affirmed.

All Justices concur.