Dennis **BARNES**, Juliann Putzier, Nancy Jo Schaffer, Ron Davidson, Sandra Dougherty, Greg Sorenson, David Lockridge, Joe Wright, Rose Simms, Karen Bollie, Richard Hibbert, Jr., Terry Riles, Julia Lucas, Bob Stradley, Rosella Orme, Joseph Lohman, Ramona Smith, Bonnie Eggars, and American Federation of State, County and Municipal Employees (Council 61 AFSCME), Appellants,

v.

**STATE of Iowa, Appellee.**

No. 98–1959.

Supreme Court of Iowa.

June 1, 2000.

---

Marci B.H. Tooman and Gregory T. Racette of Hopkins & Huebner, P.C., Des Moines, and Michael E. Hansen, Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Julie Burger, Assistant Attorney General, for appellee.

LARSON, Justice.

The plaintiffs in this case, eighteen employees of the State of Iowa and their union, the American Federation of State, County and Municipal Employees, have appealed the district court's dismissal of their suit for damages based on the State's alleged failure to comply with Iowa Code section 85.27 (1995) and Iowa Code chapter 91A. We affirm.

### I. *Facts and Prior Proceedings.*

The plaintiffs' suit claimed the State violated Iowa Code section 85.27 by requiring employees to use sick leave or vacation time to attend medical appointments for treatment of workers' compensation injuries. They seek damages and an injunction against the State to prevent future violations. The State moved to dismiss on the grounds the workers' compensation commissioner had exclusive jurisdiction and because the State was immune from such claims. (We do not address the immunity issue because we conclude the court properly dismissed the suit on jurisdictional grounds.) Shortly before the hearing on the motion to dismiss, the plaintiffs requested the court to certify them as a class under Iowa Rule of Civil Procedure 42, but the court dismissed the suit without ruling on the request for class

certification. Class certification is not an issue on appeal.

### II. *Standard of Review.*

■ We review rulings on motions to dismiss for correction of errors at law, and we will affirm a dismissal only if the petition shows no right of recovery under any state of facts. *Ritz v. Wapello County Bd. of Supervisors,* 595 N.W.2d 786, 789 (Iowa 1999).

### III. *The Merits of the Claim.*

The plaintiffs rely on this provision of our workers' compensation law:

If, after the third day of incapacity to work following the date of sustaining a compensable injury which does not result in permanent partial disability, or if, at any time after sustaining a compensable injury which results in permanent partial disability, an employee, who is not receiving weekly benefits under section 85.33 or section 85.34, subsection 1, returns to work and is required to leave work for one full day or less to receive services pursuant to this section, the employee shall be paid an amount equivalent to the wages lost at the employee's regular rate of pay for the time the employee is required to leave work. The employer shall make the payments under this paragraph as wages to the employee....

Iowa Code § 85.27 ¶ 7.

The plaintiffs' petition asserts the State was "negligent" in violating this statute and demanded money damages and an injunction to prevent future violations. The sole thrust of their pleading is that they have been denied the wages required by section 85.27 to be paid to them when they miss work for medical reasons. They claim the State's failure to pay the wages due them under section 85.27 subjects the State to liability under Iowa Code chapter 91A, our wage collection statute. Their petition does not demand the reinstatement of lost medical leave or vacation time, although that theory is urged on appeal.

The plaintiffs are confronted at the outset by this exclusivity provision of our workers' compensation law:

The rights and remedies provided in ... chapter [85] ... for an employee on account of injury ... for which benefits under ... chapter [85] ... are recoverable, shall be the exclusive and only rights and remedies of such employee ... at common law or otherwise, on account of such injury ... against:

1. the employee's employer....

Iowa Code § 85.20.

The plaintiffs contend the workers' compensation law is not exclusive in this case because it does not afford them an adequate remedy. *See Portz v. Iowa Bd. of Med. Exam'rs,* 563 N.W.2d 592, 593 (Iowa 1997) (exhaustion rule presupposes an adequate administrative remedy). They rely on two grounds to show the commissioner cannot provide an adequate remedy: their claims for loss of wages are independent from their underlying personal injuries; and the number of claimants is so large they should be allowed to pursue the claim as a class action, which they hope will be available to them in district court. (The commissioner had apparently refused to recognize them as a class.)

■ The first argument must be rejected because Iowa Code section 85.27 applies only if an employee takes time off to "receive [medical] services" for a "compensable injury." By the wording of the statute, a claim cannot be independent of an underlying injury. If there is no compensable injury, the worker has no claim under section 85.27. Demands for lost wages under these circumstances are clearly within the jurisdiction of the commissioner—not the courts. Iowa Code § 85.20.

■ The second argument to support the plaintiffs' claim they have no adequate remedy under the workers' compensation law must also be rejected. This argument is based solely on practicality: individual

suits by the employees against the State would be less efficient, and "[m]any potential Plaintiffs may not know the State has been depriving them of this benefit [under section 85.27] or they may find it too cumbersome and expensive to file a claim for these lost wages."

While the plaintiffs contend it would be more effective to present their claims as members of a class in a district court action rather than in individual workers' compensation proceedings, we do not believe this means they lack an adequate remedy before the commissioner. In fact, the plaintiffs cite no authority supporting that position. In addition, there is no guarantee they would be more successful in obtaining class action certification in district court than they would be in the agency. A district court's certification ruling is discretionary, and we will reverse it only if it is based on clearly untenable or unreasonable grounds. *City of Dubuque v. Iowa Trust,* 519 N.W.2d 786, 791 (Iowa 1994).[1]

We reject the plaintiffs' argument that they had no adequate remedy before the commissioner; Iowa Code section 85.27 clearly gives them the right to receive wages for time lost for medical appointments. Any claim based on wages denied under this section must be brought in a workers' compensation proceeding. The mere possibility that the plaintiffs would more efficiently do that in district court because they might be able to do it in a class action does not make the remedy before the commissioner inadequate.

## IV. *The "Docking" of Sick Leave and Vacation Time.*

■ While the plaintiffs pled their case in district court as a claim for lost *wages,* they appear now to focus on a claim for lost *time:* lost sick leave and vacation. The district court referred to this as "docking" their accrued entitlements to time off for vacation and sick leave. The court concluded "[t]he time docked and the injuries sustained are all closely related and part of the same workers' compensation claim," so the commissioner had exclusive jurisdiction on the docking claim as well as the claim for wages.

Iowa Code section 85.27 provides only for lost wages, not for the reinstatement of sick leave or vacation time used for attending medical appointments. Any rights the plaintiffs have in respect to "docking" turn on the interpretation and application of their employment contracts, not on the workers' compensation law. An action to recover lost time would properly be brought in district court, under the employment contract, not in proceedings before the commissioner.

The issue now is whether the district court erred in refusing to consider the docking claim as a part of the plaintiffs' suit in district court. (The court dismissed the docking claim, as well as the claim for wages, on jurisdiction grounds, holding the commissioner had exclusive jurisdiction of both claims.)

We have held a district court may properly consider a contract claim, even though it had its origin in a workers' compensation claim. *See White v. Northwestern Bell Tel. Co.,* 514 N.W.2d 70, 74–75 (Iowa 1994) (suit on workers' compensation settlement agreement properly brought in district court, not in workers' compensation proceeding, as commissioner had no jurisdiction). The problem with recognizing the plaintiffs' docking claim in this case is their petition did not raise the issue. It raised only claims based on the State's failure to pay wages under section 85.27; it did not seek restoration of lost sick leave or vacation. In fact, such rights were not even mentioned.

---

1. The status of the plaintiffs' attempted class action proceeding here is not clear. They sued as a class, but the court had not certified it as a class under Iowa Rule of Civil Procedure 42.2(a) at the time it dismissed the case. Nor is there any evidence the extensive list of criteria required by rule 42.3 have been presented to the court.

We have held that notice pleading requires a fair notice of the claim asserted to allow a party to make an adequate response. *Gosha v. Woller*, 288 N.W.2d 329, 331 (Iowa 1980) (petition asserting breach of express warranty not fair notice of claim based on implied warranty). Here, the plaintiffs' petition, asserting a violation of wage-payment provisions of the workers' compensation statute, did not give fair notice to the State that the plaintiffs were demanding reinstatement of their lost vacation and sick leave under their employment contracts.

The district court properly dismissed the plaintiffs' petition.

**AFFIRMED.**

All justices concur except CADY, J., who takes no part.