2000 OK CIV APP 36

**D. DANIELS MASONRY and Maryland Casualty Company, Petitioners,**

v.

**David D. DANIELS and The Workers' Compensation Court, Respondents.**

·No. 93,029.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 25, 2000.

John C. Vance, Oklahoma City, Oklahoma, for Petitioners.

David D. Daniels, Norman, Oklahoma, Pro Se.

## OPINION

CARL B. JONES, Presiding Judge:

¶ 1 Respondent, David D. Daniels, filed a workers' compensation claim for multiple in-

juries he received in an automobile accident on February 2, 1997. Daniels, who operated a masonry business as a sole proprietorship, listed himself as an employee on the claim form he filed with the Workers' Compensation Court. Petitioner, Maryland Casualty Company (Insurer), denied liability, arguing that Daniels was the owner of the company and not covered under the terms of the workers' compensation insurance policy. Additionally, the Insurer argued that the injuries did not arise out of and in the course of employment.

¶ 2 The trial court held a hearing on the issue of coverage and ruled that Daniels was a covered and insured sole proprietor under the policy. The Insurer appealed to a three-judge panel of the Workers' Compensation Court. The panel unanimously affirmed the trial court's order without modification. After a trial on the merits, the trial court found Daniels had sustained a compensable injury and awarded permanent partial disability benefits. The Insurer seeks review of the Order determining coverage.

¶ 3 The Insurer contends the Workers' Compensation Court erred in finding Daniels was an employee as defined by 85 O.S. Supp.1997 § 3(6) which provides in pertinent part:

"... Sole proprietors, ... are specifically excluded from the foregoing definition of "employee," and shall not be deemed to be employees as respects the benefits of the Workers' Compensation Act. ... Sole proprietors, ... may elect to include the sole proprietors, ... if otherwise qualified, by endorsement to the policy specifically including them under any policy of insurance covering benefits under the Workers' Compensation Act. When so included the sole proprietors, ... shall be deemed to be employees as respects the benefits of the Workers' Compensation Act ... "

The question of whether one is an employee under the Act is a jurisdictional fact, and we must decide that issue based upon a *de novo* review of the record. Under this standard, we review the entire record, weigh the evidence and make independent fact findings without deference to the fact findings or to the legal rulings made by the compensation court. *Garrison v. Bechtel. Corp.,* 1995 OK 2, ¶ 8, 889 P.2d 273, 278.

¶ 4 Section 3(6) specifically excluded sole proprietors from the definition of an employee, but allows sole proprietors to elect to include themselves as employees by specific endorsement to their Workers' Compensation policy. Only by such election may a sole proprietor gain benefits under the Act. The critical question is whether, under the terms of the application and policy, Daniels was included as an employee. We find that he was not.

¶ 5 At trial, it was uncontroverted that Daniels' policy did not contain an endorsement listing him as an employee. Neither the application nor the insurance policy listed Daniels as an employee. It was uncontroverted that the estimated payroll for purposes of the premium did not include Daniels' remuneration, and that the premium paid by Daniels only covered his employees. No premium was collected by the Insurer for coverage on Daniels. Daniels testified that prior to this coverage he had workers' compensation coverage with the State Insurance Fund and did not opt to be included as an employee. At trial, Daniels did not call his agent as a witness, however, he was allowed to admit a letter written by the agent after the claim was made which stated that the agent had intended to include Daniels as an employee even though the application expressly stated none in the space for inclusion of sole proprietors. This document was inadmissible as it violated the parol evidence rule because it was introduced to change the terms of the written contract. *First Nat'l Bank v. Kissee,* 1993 OK 96, ¶ 13, 859 P.2d 502, 506–07. Daniels also offered as evidence certificates of insurance issued to contractors which were provided by the agent which noted that Daniels was included as an employee. Daniels argued at trial that the agent told him he was covered, and the Insurer must be bound by its agent.

¶ 6 The Workers' Compensation Court has authority to interpret and construe insurance policies when it is necessary to do so when determining the insured's liability to an injured employee. However, the court

lacks the power possessed by courts of general jurisdiction to decide general contract matters, such as construing contract rights in a dispute purely between an employer and its insurance carrier, and to reform an insurance policy. *Hefley v. Neely Ins. Agency, Inc.*, 1998 OK 12, ¶ 10, 954 P.2d 135, 137–38. The only way to find Daniels was covered under this insurance policy was to reform the contract to include him as an insured. The District Courts have jurisdiction in the matter of reformation of a workers' compensation policy. The Workers' Compensation Court does not possess the power of reformation, and cannot exercise that power by the use of interpretation and construction. *Mid–Continent Casualty Co. v. Miller*, 1969 OK 2, ¶ 13, 451 P.2d 932, 935. The terms of the insurance policy issued by the Insurer do not afford coverage to Daniels at the time of his injury. The award and judgment are VACATED.

¶ 7 GARRETT, J., and BUETTNER, J., concur.