Mark ZOMER, Appellant,

v.

**WEST RIVER FARMS, INC. and IMT Insurance Company, Appellees.**

No. 01–0326.

Supreme Court of Iowa.

July 16, 2003.

Alice S. Horneber of Horneber Law Firm, Sioux City, for appellant.

Timothy A. Clausen of Klass, Stoik, Mugan, Villone, Phillips, Orzechowski, Clausen & Lapierre, L.L.P., Sioux City, for appellees.

TERNUS, Justice.

In this workers' compensation case involving an injured agricultural employee, the compensability of the claimant's work-related injury depends on whether the employer's insurance policy specifically covers the claimant, as required for application of the workers' compensation act to farm employees. *See* Iowa Code § 85.1(3)(*b*)(3), (6) (1997). Although the employer's workers' compensation policy does not by its terms cover the claimant, the deputy workers' compensation commissioner reformed the policy to provide such coverage. On intra-agency appeal, the chief deputy commissioner held that the agency had no jurisdiction to reform a workers' compensation policy and this decision was affirmed on judicial review.

We think the agency did have jurisdiction to reform the policy because, under the unique circumstances of this case, a determination of insurance coverage was an essential prerequisite to a determination of the compensability of the claimant's injury. Therefore, we reverse and remand for further proceedings.

## I. Background Facts and Proceedings.

The appellant, Mark Zomer, was employed by appellee West River Farms, Inc. as a farm laborer. West River Farms is a family farm corporation owned by Gertrude Blom, Zomer's mother-in-law. While employed by West River Farms, Zomer sustained a work-related injury on November 8, 1995. He subsequently filed a claim with the Iowa workers' compensation commissioner, seeking statutory benefits under the Iowa workers' compensation act, Iowa Code chapter 85.

West River Farms' insurance carrier, appellee IMT Insurance Company, contested liability, claiming Zomer was an exempt agricultural employee under the act. IMT relied on Iowa Code section 85.1(3)(*b*)(3), which provides that chapter 85 does not apply to "persons engaged in agriculture," including spouses of the children of officers of a family farm corporation. Iowa Code § 85.1(3)(*b*)(3). Zomer claimed this exemption did not apply to

him, citing Iowa Code section 85.1(6), which permits a family farm corporation to assume liability under chapter 85 "by the purchase of valid workers' compensation insurance specifically including the employee or classification of employees." *Id.* § 85.1(6). IMT asserted West River Farms had not exercised this option because the policy issued by IMT to the farm corporation did not include an endorsement extending coverage to family members. In response, Zomer claimed the endorsement had been omitted from the policy through the mutual mistake of Blom and IMT's agent. He asked the commissioner (1) to reform the policy to provide coverage for family members, (2) to hold that the reformed policy removed Zomer from the section 85.1(3) exemption under the act, and (3) to award benefits under the act for his work-related injury.

The matter proceeded to hearing and a deputy workers' compensation commissioner granted Zomer the requested relief. On IMT's appeal, the chief deputy workers' compensation commissioner issued a final agency decision holding that the agency had no "equitable jurisdiction" and therefore was required to determine the compensability of Zomer's injury on the basis of the policy as actually issued by IMT. Based on the policy as written, the chief deputy concluded West River Farms had not insured family members, and consequently, Zomer was an exempt agricultural employee to whom the benefits of chapter 85 did not apply.

This decision was affirmed on judicial review by the district court and on appeal by the court of appeals. We granted Zomer's application for further review.

## II. *Issue on Appeal and Scope of Review.*

The sole question on appeal is whether the workers' compensation commissioner has jurisdiction to reform a workers' compensation policy where the existence of insurance coverage is determinative of a claimant's qualification for benefits under chapter 85. We review the agency's decision on this legal question for correction of errors of law. *See* Iowa Code § 17A.19(8)(*e*) (stating court may reverse agency ruling affected by an error of law).

## III. *Discussion.*

■ In determining whether the commissioner has the power to reform a workers' compensation insurance policy under the circumstances presented by this case, we start with the general proposition that as an administrative agency, the commissioner "has no inherent power and has only such authority as is conferred by statute or is necessarily inferred from the power expressly granted."[1] *Schmidt v. Iowa State Bd. of Dental Exam'rs*, 423 N.W.2d 19, 21 (Iowa 1988); *accord Sioux City Cmty. Sch. Dist. v. Iowa State Bd. of Pub. Instruction*, 402 N.W.2d 739, 741 (Iowa 1987). What then is the power "expressly granted" to the commissioner? Our legislature has given the commissioner authority to resolve claims for workers' compensation benefits:

The industrial commissioner may order any number or combination of alleged workers' compensation insurance

---

1. Although the 1998 amendments to Iowa's administrative procedure act do not apply to this case as the petition for arbitration was filed prior to the effective date of the amendments, *see* 1998 Iowa Acts ch. 1202, § 46, these amendments confirm the principle that an agency has no inherent authority. *See id.* § 25 (codified at Iowa Code § 17A.23 (2001)). *See generally* Arthur E. Bonfield, *Amendments to Iowa Administrative Procedure Act, Report on Selected Provisions to Iowa State Bar Association and Iowa State Government* 73 (1998) (stating amendment to section 17A.23 "clearly and firmly restates current law").

carriers and alleged employers, which are parties to a contested case ..., to pay all or part of the benefits due to an employee ... if ... the commissioner determines after an evidentiary hearing, that one or more of the carriers or employers is liable to the employee ... for benefits under this chapter ....

Iowa Code § 85.21. The scope of this authority is comprehensive: "In an original proceeding, *all* matters relevant to a dispute are subject to inquiry." *Id.* § 86.14 (emphasis added). The determinative question, then, is whether the reformation issue presented by this case is a matter relevant to the employer's liability for benefits under the act.

■■■ In answering this question, we keep in mind that the workers' compensation law "must be construed according to the language the legislature has chosen." *Ehteshamfar v. UTA Engineered Sys. Div.,* 555 N.W.2d 450, 453 (Iowa 1996). Moreover, we interpret the act broadly and liberally in favor of the worker. *Danker v. Wilimek,* 577 N.W.2d 634, 636 (Iowa 1998). Finally, we strive to be true to the legislature's purpose in providing this statutory remedy. *See Travelers Ins. Co. v. Sneddon,* 249 Iowa 393, 403, 86 N.W.2d 870, 877 (1957). That purpose has been stated as follows:

> The fundamental reason for the enactment of this legislation is to avoid litigation, lessen the expense incident thereto, minimize appeals, and afford an efficient and speedy tribunal to determine and award compensation under the terms of this act.

> "It was the purpose of the legislature to create a tribunal to do rough justice— speedy, summary, informal, untechnical. With this scheme of the legislature we must not interfere; for, if we trench in the slightest degree upon the prerogatives of the commission, one encroach-

ment will breed another, until finally simplicity will give way to complexity, and informality to technicality."

*Flint v. City of Eldon,* 191 Iowa 845, 847, 183 N.W. 344, 345 (1921) (citation omitted).

■■■ Interpreting the statutory powers conferred by the legislature on the workers' compensation commissioner in light of these principles, we conclude the commissioner has the power to decide any issue necessary to a determination of whether a claimant is entitled to workers' compensation benefits. Here, in order to determine whether the employee is entitled to such benefits, it is necessary for the commissioner to decide whether Zomer is covered by the farm corporation's workers' compensation insurance policy. Resolution of this coverage issue depends on whether the policy should be reformed, based on the parties' mutual mistake, to include the claimant as an insured. Thus, only by deciding the reformation issue can the commissioner determine whether the claimant is entitled to workers' compensation benefits.

The insurance carrier contends, however, that only courts may grant the equitable remedy of reformation. As a result, according to the insurer, an employee in Zomer's position must first commence an action in district court to reform the policy and then, if successful, proceed to recover workers' compensation benefits in a contested case proceeding before the commissioner.

Such an interpretation of the commissioner's authority is, we think, contrary to the express language of the applicable statute as well as its underlying purpose. The legislature has given the commissioner the power to resolve "*all* matters relevant" to a compensation claim, not just the *legal* issues relevant to a claim. Iowa Code § 86.14 (emphasis added). In addition, the bifurcated litigation process suggested by

the insurer is a far cry from the efficient and speedy remedy envisioned by the general assembly when it adopted the workers' compensation act. As this court recently observed, the "beneficent purposes" of the workers' compensation law "should not be defeated by 'reading something into it which is not there.'" *Area Educ. Agency 7 v. Bauch,* 646 N.W.2d 398, 400 (Iowa 2002) (citation omitted). We refuse to read into the statute a limitation on the commissioner's authority to decide claims for compensation, particularly when to do so would defeat one of the primary purposes of the statute—the provision of a prompt and adequate remedy.

Our conclusion that the workers' compensation commissioner has authority to reform the policy under the circumstances of this case finds support in our *Sneddon* decision. In that case, we held the commissioner had jurisdiction to decide whether the workers' compensation policy at issue was in effect at the time of the employee's injury. *See Sneddon,* 249 Iowa at 404, 86 N.W.2d at 877. In our opinion, we cited several cases from other jurisdictions "which support[ed] our holding," and represented the majority view, including cases holding the commissioner had the power to reform a policy based on mutual mistake, to reform a policy for fraud in the procurement, and to correct a scrivener's mistake in writing the policy, as well as a case stating generally that the commission has the power to apply rules of equity as well as rules of law to determine whether an award of workers' compensation benefits should be made.[2] *See id.* at 398–402, 86 N.W.2d at 874–75. The fundamental premise of our opinion was

that the commissioner has jurisdiction to decide issues integral to the determination of a claimant's entitlement to workers' compensation benefits.

We disagree with the insurer and employer's contention that the present case is more analogous to *Bair v. Blue Ribbon, Inc.,* 256 Iowa 660, 129 N.W.2d 85 (1964), where we held the commissioner did not have jurisdiction to determine the liability of an insurer for policy benefits payable under an endorsement to a workers' compensation policy. In *Bair,* the claim asserted was not a claim for *workers' compensation* benefits, but for payment under another coverage of the employer's insurance policy that provided "benefits to a person *not* deemed an employee under the [a]ct," such payment being measured by what the claimant would have recovered under the workers' compensation law had he been covered by the act. *See Bair,* 256 Iowa at 661–62, 129 N.W.2d at 85–86 (emphasis added). Clearly, this issue had nothing to do with the determination of liability for statutory *workers' compensation* benefits, and therefore was properly held to be outside the jurisdiction of the workers' compensation commissioner. We think the present case is more analogous to the coverage question raised in *Sneddon* because the coverage issue in that case, like the reformation issue raised here, was essential to a determination of the employee's entitlement to benefits under the act.

As a final matter, we address the agency's conclusion that it has no "equitable jurisdiction" and so cannot reform the policy. Although it is true as a general proposition that the commissioner has no equita-

---

**2.** While there is some diversity of opinion among courts considering the scope of jurisdiction granted to an agency responsible for administering a workers' compensation act, the majority rule appears to remain, as we noted in *Sneddon,* that the agency can consider any issue necessary to a determination of a claimant's right to statutory benefits, including reformation of the policy. *See* 9 *Larson's Workers' Compensation Law* § 150.04[1], at 150–21 (2002); 82 Am.Jur.2d *Workers' Compensation* § 487, at 426 (2003).

ble jurisdiction in the same sense that a court has equitable jurisdiction, we do not think this truism resolves the question before us. The mere fact that reformation is equitable in nature should not hinder the commissioner's ability to determine the compensability of an injury. *See Employers' Liab. Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P.2d 456, 462 (1940) (rejecting argument that commissioner could not consider equitable claim for reformation based on fraud and mutual mistake, stating such a restriction on commissioner's authority would undermine lawmakers' intent to provide a speedy administrative remedy for workers' claims); *Harris v. Pine Cleaners, Inc.,* 296 S.W.2d 27, 29 (Mo.1956) (holding industrial commission had authority to rule upon equitable issue, " 'otherwise endless complications and delays would be introduced into the administration of the Act' " (citation omitted)). In fact, the legislature has expressly granted the commissioner authority to equitably apportion benefits among dependents. *See* Iowa Code § 85.43. Clearly, then, the legislature harbored no intent that the commissioner was incapable of applying rules of equity. Similarly, we find no impediment to the commissioner's application of equitable principles of reformation when appropriate and necessary to determine a worker's entitlement to statutory benefits.

IV. *Summary and Disposition.*

In summary, the test with respect to the commissioner's jurisdiction is whether the disputed matter is necessary to a determination of liability under the workers' compensation statute. If so, the commissioner has the power to decide the issue. The issue presented in the appeal before us clearly meets this test and, therefore, the commissioner had the authority to resolve that issue. We vacate the court of appeals' contrary ruling, reverse the district court's judgment, and remand this case to the commissioner for further proceedings consistent with our decision.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND CASE REMANDED.**

All justices concur except NEUMAN, J., who dissents. LARSON, J., joins the dissent.

NEUMAN, Justice (dissenting).

I respectfully dissent. I think it will come as a great surprise to the workers' compensation commissioner that the agency has not only the power to determine the *legal* effect of a contract—as this court recognized in *Sneddon*—but to take the next step of *reforming* contracts based on equitable principles.

Were we writing on a clean slate, the majority's persuasive opinion might strike me as a great idea. Why not adjudicate all the issues, legal and equitable, in one forum? Courts can do it, why not administrative agencies? The reason, of course, is that our constitution vests the legislature—not this court—with the task of determining the scope of an executive agency's powers. The majority pays lip service to this principle but then, by its own lights, decides contract reformation is surely an equitable power the legislature meant to confer on the compensation commissioner. It points to a case from Kansas to bolster its view, *Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P.2d 456, 462 (1940). That opinion, however, has been criticized precisely for having failed to consider the constitutional question implicit in assigning equitable powers to an administrative agency based on statutory interpretation. *See Provenzano v. Long,* 64 Nev. 412, 183 P.2d 639, 644 (1947) (citing *Michigan Mut. Liab. Co. v. Baker,* 295 Mich. 237, 294 N.W. 168, 170 (1940)). Al-

though we drew on *Matlock* for our holding in *Sneddon*, we described the Kansas decision as "more far reaching than ours is here." *Sneddon*, 249 Iowa at 398, 86 N.W.2d at 874. Indeed it was, until today.

The *Provenzano* case explained its rationale for rejecting the Kansas "rule" this way:

> No citation of authority is necessary to show that courts of equity have authority in proper cases to modify, reform, or cancel written instruments. On the other hand, the powers of the commission are derived exclusively from the statutes. No statute is cited by appellants, and we have been unable to find any which even pretends to confer authority on the commission to modify, reform, or cancel written instruments properly before it for consideration. Any attempt by the Legislature to confer such purely judicial powers upon the commission would no doubt meet with insurmountable constitutional objections. While the Workmen's Compensation Act must at all times be liberally construed to the end that its beneficent purposes may be fully carried out, we find no sanction in the law for the contention herein made that the commission may exercise such purely judicial powers.

*Provenzano*, 183 P.2d at 645 (citations and quoted authority omitted). More recently, the Oklahoma appellate court reached the same conclusion, holding its compensation commissioner "does not possess the power of reformation and cannot exercise that power by the use of interpretation and construction." *D. Daniels Masonry v. Daniels*, 999 P.2d 1124, 1126 (Okla.Civ.Ct. App.2000).

The majority rightly notes that other courts have taken a different course. But when the question has arisen in other contexts in Iowa, this court has ruled the compensation commissioner cannot grant equitable relief. *See, e.g., Ford v. Barcus*, 261 Iowa 616, 622, 155 N.W.2d 507, 511 (1968); *Doyle v. Dugan*, 229 Iowa 724, 731–32, 295 N.W. 128, 131–32 (1940).

The majority justifies today's decision as a way of simplifying the resolution of insurance contract disputes "when appropriate and necessary to determine a worker's entitlement to statutory benefits." This is a noble goal but I fear it will ultimately complicate, rather than simplify, the process. Here the commissioner, construing the employer's insurance policy, determined as a matter of law that the policy did not cover Zomer. So, the commissioner concluded, the agency was without jurisdiction to adjudicate Zomer's claim for benefits. Today's holding means that the agency will now reconsider the record, examining the facts for proof of mutual mistake, and then reform the contract (or not) based on equity. When the inevitable petition for judicial review is filed, and then appealed, will this court then review the disputed facts de novo, rather than at law? Assuming the former, this court will be free to substitute its judgment for the judgment of the agency, a situation that arguably will lead—in the long run—to more appeals and resultant delay, not less.

In short, I am convinced the majority has read too much into our *Sneddon* decision and, more importantly, has given equitable authority to an agency that is the legislator's prerogative to confer, not ours. The opinion also injects uncertainty into a system that needs more, not less, predictability. I cannot join it.

LARSON, J., joins this dissent.