# IN THE COURT OF APPEALS OF IOWA

No. 20-0769
Filed July 21, 2021

**AMERICAN HOME ASSURANCE,**
Plaintiff-Appellee,

**vs.**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

Liberty Mutual Fire Insurance Company appeals from a ruling on judicial review reversing the workers' compensation commissioner's decision and concluding American Home Assurance was entitled to reimbursement from Liberty Mutual for benefits paid when it was not the employer's insurance carrier. **REVERSED AND REMANDED.**

Benjamin T. Erickson and Andrew D. Hall of Grefe & Sidney, P.L.C, Des Moines, for appellant.

Aaron T. Oliver of Hansen, McClintock & Riley, Des Moines, for appellee.

Heard by Vaitheswaran, P.J., and Greer and Schumacher. JJ.

**VAITHESWARAN, Presiding Judge.**

This appeal raises a question about the procedure an insurance company must follow to obtain reimbursement from another insurer for workers' compensation benefits inadvertently paid a claimant.

## I.  *Background Facts and Proceedings*

An employee filed a petition for workers' compensation benefits against his employer and its insurer, American Home Assurance (American Home), for on-the-job injuries sustained on November 15, 2007.  He later amended the petition to allege an injury date of June 30, 2008.  Following an arbitration hearing, a deputy workers' compensation commissioner found the injury date to be June 16, 2008.  The deputy ordered the employer and American Home to pay the claimant 125 weeks of permanent partial disability benefits.  The commissioner summarily affirmed the award.  American Home paid the benefits, with its final payment disbursed in 2013.

In 2016, the claimant filed a review-reopening petition.  At that time, American Home discovered it was not the insurer on the claimant's date of injury as found by the deputy or on the amended date pled by the claimant.  American Home filed an "Application and Consent Order for Payment Benefits Under Iowa Code Section 85.21" (2016).  A deputy commissioner granted the application on January 3, 2017.  The order authorized American Home to "petition, cross-petition, or intervene in proceedings before this agency . . . to seek determination of liability and reimbursement from another carrier."

American Home filed a petition for contribution pursuant to Iowa Code section 85.21, seeking reimbursement from Liberty Mutual Insurance Company

(Liberty Mutual) "for the benefits paid to date" as well as any future benefits "found to be due as a result of [the claimant's] currently pending" review-reopening petition. Liberty Mutual filed a motion for partial summary judgment, asserting "a petitioner can only obtain contribution or reimbursement from a third party for benefit payments made after an 85.21 order has been issued," and because "an 85.21 order was not issued until January 3, 2017" in this case, "[b]enefits issued prior to January 3, 2017 are not reimbursable as a matter of law." American Home filed a cross-motion for summary judgment, requesting a determination that Liberty Mutual owed contribution for benefits paid and any future benefits.

A deputy workers' compensation commissioner concluded American Home was entitled to "contribution for benefits paid, at any time, in connection with [the claimant's] June 16, 2008 work injury." On intra-agency appeal, the commissioner sitting by delegation disagreed. The commissioner reversed that portion of the decision requiring reimbursement for payments made before the January 3, 2017 order authorizing a reimbursement claim. The commissioner stated, "Because American Home failed to seek an Iowa Code section 85.21 consent order prior to the arbitration hearing, Liberty Mutual is not liable for contribution to American Home for benefits ordered to be paid and paid pursuant to the arbitration decision."

American Home petitioned for judicial review. The district court reversed the agency's final decision. The court found no "time limitation on reimbursement actions or a carrier's right to recovery." The court concluded, "[W]hen an employer or insurance carrier mistakenly paid benefits prior to the determination of the proper date of injury, but discovered its mistake after it had made or completed

payments, they are entitled to reimbursement under section 85.21." Liberty Mutual appealed.

## II. Standard of Review

Both sides agree the appeal turns on the commissioner's interpretation of Iowa Code section 85.21. Our review of an agency interpretation of law depends on the level of deference we are obligated to afford the interpretation. *See* Iowa Code § 17A.19(11). Specifically, "[t]he deference owed to an agency's interpretation of a statute depends on whether 'interpretation of a provision of law' has, or has not, 'clearly been vested by a provision of law in the discretion of the agency.'" *Christensen v. Iowa Dep't of Revenue*, 944 N.W.2d 895, 899–900 (Iowa 2020) (quoting Iowa Code § 17A.19(10)(c), (*l*)).

Section 17A.19(10)(c) authorizes reversal where the agency action is "[b]ased upon an erroneous interpretation of a provision of law whose interpretation has not clearly been vested by a provision of law in the discretion of the agency." Section 17A.19(10)(*l*) authorizes reversal where the agency action is "[b]ased upon an irrational, illogical, or wholly unjustifiable interpretation of a provision of law whose interpretation has clearly been vested by a provision of law in the discretion of the agency." "Indications that an agency has interpretive authority include rule-making authority, decision-making or enforcement authority that requires the agency to interpret the statutory language, and the agency's expertise on the subject or on the term to be interpreted." *Christensen*, 944 N.W.2d at 900 (citation omitted).

The commissioner has exercised authority to interpret section 85.21 by promulgating a rule fixing procedures an insurer must follow to obtain

reimbursement from another carrier. *See* Iowa Admin. Code r. 876-3.1(11) (prescribing the form an insurer must use "to pay weekly and medical benefits without admitting liability and to be able to seek reimbursement from another carrier or employer" pursuant to section 85.21). The commissioner also has filed a host of adjudicative decisions over more than two decades construing and applying section 85.21. *See, e.g.*, *Arreola v. Bodeans Baking Group Holding, L.L.C.*, File Nos. 5040956, 5040974, 2018 WL 1042709, at *2–4 (Iowa Workers' Comp. Comm'n Feb. 16, 2018); *Dakota Truck Underwriters v. Cont'l W., Ins.*, File Nos. 5028722, 5028738, 2011 WL 13186195, at *1–2 (Iowa Workers' Comp. Comm'n Sept. 28, 2011); *Gardner v. Great River Med. Ctr.*, File Nos. 5018081, 5018082, 5018083, 2007 WL 1438516, at *11 (Iowa Workers' Comp. Comm'n Apr. 26, 2007); *Allied Ins. v. Fareway, Inc.*, File No. 1292163, 2003 WL 22283449, at *2–3 (Iowa Workers' Comp. Comm'n Aug. 15, 2003); *Akers v. Woodmarc*, File Nos. 1124900, 5003252, 2002 WL 32125459, at *5 (Iowa Workers' Comp. Comm'n Feb. 6, 2002); *Cambridge Integrated v. Farewav Stores, Inc.*, File No. 1292163, 2001 WL 34111282, at *3 (Iowa Workers' Comp. Comm'n Dec. 21, 2001); *Mehmen v. Archer Daniels Midland*, File No. 1059955, 1999 WL 33619593, at *4–6 (Iowa Workers' Comp. Comm'n Dec. 30, 1999); *Hysell v. Golden Age Care Ctr.*, File Nos. 1075022, 1042236, 987874, 1999 WL 33619268, at *1 (Iowa Workers' Comp. Comm'n Oct. 19, 1999); *Va. Surety Co. v. Kiowa Corp.*, File No. 1195075, 1999 WL 33619662, at *3–4 (Iowa Workers' Comp. Comm'n Apr. 22, 1999); *Hammers v. Sentry Ins.*, File No. 1133618, 1999 WL 33619900, at *1–2 (Iowa Workers' Comp. Comm'n Feb. 2, 1999); *Emps. Mut. Cas. Cos. v. Van Wyngarden & Abrahamson*, File Nos.1059572, 1059573, 1059574, 1011165 (Iowa Workers'

Comp. Comm'n June 30, 1998); *Van Dyk v. Hope Haven*, File Nos. 1021846, 1030780 (Iowa Workers' Comp. Comm'n Feb 27, 1995); *see also Zomer v. W. River Farms, Inc.*, 666 N.W.2d 130, 132–33 (Iowa 2003) (noting that section 85.21 "give[s] the commissioner authority to resolve claims for workers' compensation benefits," and "[t]he scope of this authority is comprehensive"); *Second Inj. Fund of Iowa v. Bergeson*, 526 N.W.2d 543, 549 (Iowa 1995) ("Section 85.21 gives the commissioner authority to order reimbursement where one party makes voluntary payment that ultimately the commissioner determines should have been paid by another party."). Finally, the commissioner has used its expertise to establish dates of claimants' injuries, which control which insurer should be liable to pay benefits. *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014) (stating "[t]he legislature has by a provision of law vested the commissioner with the discretion to make factual determinations," and concluding "the district court correctly affirmed the agency's factual finding that [the claimant] sustained a work-related injury and resulting disability on" a specified date); *Ruiz v. Revstone Casting Indus., L.L.C.*, No. 16-1728, 2017 WL 6034128, at *4 (Iowa Ct. App. Dec. 6, 2017) ("The establishment of a date of injury is a fact-finding decision made by the commissioner."). The commissioner's actions relative to section 85.21 lead us to conclude that the commissioner is clearly vested with authority to interpret section 85.21. Accordingly, our review is under the "irrational, illogical, or wholly unjustifiable" standard set forth in Iowa Code section 17A.19(10)(*l*). But, assuming we are wrong about the clear vesting of authority to interpret section 85.21, we will also review the agency action under the "erroneous" standard. *See* Iowa Code § 17A.19(10)(c).

***III.    Iowa Code section 85.21***

Iowa Code section 85.21 states in part:

> 1. The workers' compensation commissioner may order any number or combination of alleged workers' compensation insurance carriers and alleged employers, which are parties to a contested case or to a dispute which could culminate in a contested case, to pay all or part of the benefits due to an employee or an employee's dependent or legal representative if any of the carriers or employers agree, or the commissioner determines after an evidentiary hearing, that one or more of the carriers or employers is liable to the employee or to the employee's dependent or legal representative for benefits under this chapter or under chapter 85A or 85B, but the carriers or employers cannot agree, or the commissioner has not determined which carriers or employers are liable.
>      . . . .
> 3. When liability is finally determined by the workers' compensation commissioner, the commissioner shall order the carriers or employers liable to the employee or to the employee's dependent or legal representative to reimburse the carriers or employers which are not liable but were required to pay benefits. Benefits paid or reimbursed pursuant to an order authorized by this section do not require the filing of a memorandum of agreement. However, a contested case for benefits under this chapter or under chapter 85A or 85B shall not be maintained against a party to a case or dispute resulting in an order authorized by this section unless the contested case is commenced within three years from the date of the last benefit payment under the order. The commissioner may determine liability for the payment of workers' compensation benefits under this section.

In interpreting section 85.21, the commissioner began by noting "the scenario created by American Home [was] not the circumstance for which Iowa Code section 85.21 was intended." In the commissioner's view, the purpose of the provision was "to encourage the voluntary payment of benefits to a claimant when insurers dispute who is responsible." The commissioner stated that "[i]n this case, American Home initially accepted responsibility despite being put on alert via claimant's amended petition in the spring of 2011 that [the claimant's] actual injury date may be June 30, 2008, which was outside of [American Home's] coverage

period," and it "<u>continued to admit it was the correct insurer for the next five and a half years,</u> including at the arbitration hearing." The commissioner explained that "20 years of agency precedent" required insurers to follow a procedure under section 85.21 of seeking orders before the arbitration hearing in order to pursue reimbursement claims from another insurer. After canvassing that precedent, including a decision that came to be known as the *Van Wyngarden* rule, the commissioner concluded:

> While not explicitly stated, it appears the *Van Wyngarden* rule draws a line in the sand at evidentiary hearing in an attempt to establish the fairest result for insurers. By the time the evidentiary hearing is held, the insurer pled by the claimant will have had a full opportunity to conduct discovery, depose the necessary individuals, and investigate. By that point, the pled insurer in most cases should reasonably know whether there is a possibility that the correct injury date may fall outside its coverage period. Thus, allowing retroactive reimbursement only if an 85.21 consent order is sought prior to the evidentiary hearing protects the public policy of encouraging insurers to render payment even if it is subsequently determined that the injury is outside their coverage period while discouraging drawn out or piecemeal litigation. In other words, it balances the public policy interests and judicial efficiency.

As noted, the district court reached a contrary conclusion. The court stated, "Section 85.21 is not constricted to only allow reimbursement proactively after arbitration, and only for those parties who were a part of the underlying arbitration." The court "recognize[d]" its "interpretation [was] contrary to the cases that have followed the Commission's restricted interpretation of [s]ection 85.21" but stated the "plain language" of the statute together with its purpose permitted American Home's reimbursement claim.

Liberty Mutual contends "the district court err[ed] in reversing over 20 years of agency rulings by finding Iowa Code section 85.21 allows American Home to

retroactively seek and receive contribution from [it] for workers' compensation mistakenly paid several years after the applicable evidentiary hearing." American Home counters that "Iowa Code section 85.21 grants **broad powers** to the workers' compensation agency to resolve payment disputes between insurance carriers." It further contends "the statute is **not** ambiguous, and it does **not** contain the limiting language suggested by Liberty Mutual."

Section 85.21(1) indisputably affords the workers' compensation commissioner authority to order "any number or combination of alleged workers' compensation carriers" to pay benefits. These carriers must be "parties to a contested case or to a dispute which could culminate in a contested case." Iowa Code § 85.21(1).[1] If the carriers do not agree on liability or the commissioner "has not determined which carriers . . . are liable," the commissioner may "determine[] after an evidentiary hearing, that one or more of the carriers . . . is liable to the employee." *Id.*

The commissioner's authority under this provision is broad. Opinions cited by American Home confirm as much. *See Zomer*, 666 N.W.2d at 133; *United Techs. Corp. v. Bahmler*, No. 01-1512, 2003 WL 553855, at *5 (Iowa Ct. App. Feb. 28, 2003). However, the opinions do not stand for the proposition that the commissioner is authorized to approve an insurer's reimbursement claim without considering when it was filed.

---

[1] "Contested case proceedings before the workers' compensation commissioner" include "[d]etermination of liability, reimbursement for benefits paid and recovery of interest." Iowa Admin. Code r. 876–4.1(16) (citing Iowa Code section 85.21); *see also* Iowa Admin. Code r. 876–4.1(1)–(2) (defining "Arbitration" and "Review-reopening" separately under "contested case proceedings").

In *Zomer*, the issue before the court was whether the commissioner had authority to reform a workers' compensation policy to provide for coverage where "a determination of insurance coverage was an essential prerequisite to a determination of the compensability of the claimant's injury." 666 N.W.2d at 131. The court concluded, "[T]he commissioner has the power to decide any issue necessary to a determination of whether a claimant is entitled to workers' compensation benefits." *Id.* at 133. The court did not speak to the timing of reimbursement claims.

In *Bahmler*, the court made the undisputed statement that section 85.21 "empowers the workers' compensation commissioner to apportion liability between insurance carriers and to order reimbursement to any carrier that was not liable but was required to pay." 2003 WL 553855, at *5. Unlike this case, both potentially liable carriers participated in the arbitration hearing. *See id.* The opinion is inapposite. Other opinions cited by American Home also are inapposite.

In *Wilson Food Corp. v. Cherry*, 315 N.W.2d 756, 757 (Iowa 1982), the court stated, "Employers may generally recover payments made by mistake in workers' compensation matters." And the court stated, "[T]he public interest will be better served by encouraging employers to freely pay injured employees without adversary strictness. It is not so unfair to compel the claimant to face at an earlier date the termination he would face later in any event so as not to penalize the employer." *Cherry*, 315 N.W.2d at 758. Both propositions were made in the context of an employer's attempt to obtain a credit for extra weekly benefits paid to the claimant. *Id.* at 757. The opinion had nothing to do with section 85.21, which had yet to take effect. *See* 1982 Iowa Acts ch. 1161, § 22 (enacting Iowa Code

section 85.21). More to the point, neither proposition cited by the court answers the question here—whether mistaken payments may be recouped whenever the insurer discovers the mistake, no matter how long after the arbitration award or the expiration of benefit payments.

In *Bergeson*, 526 N.W.2d at 549, the court broadly stated, "Section 85.21 gives the commissioner authority to order reimbursement where one party makes voluntary payment that ultimately the commissioner determines should have been paid by another party." True. But, again, that proposition does not answer the question facing us. There, two entities were ordered to compensate the claimant for a second injury. *Id*. Both participated in the contested case proceeding. *Id*. at 546. The court specifically noted, "The proportion between the obligation of the employer and the [Second Injury] Fund could not be determined until a hearing was held and a decision rendered." *Id*. at 549. That language undermines American Home's assertion that the commissioner "is not time bound nor limited only to arbitration."

There is no question that statute and case law afford the commissioner comprehensive authority to decide reimbursement claims. The real question is whether statute or case law affords an insurer an indefinite period of time within which to seek reimbursement.

Section 85.21(3) states that an order "to reimburse the carriers . . . which are not liable but were required to pay benefits" will be entered only "[w]hen liability is finally determined." The provision also states:

> [A] contested case for benefits under this chapter or under chapter 85A or 85B shall not be maintained against a party to a case or dispute resulting in an order authorized by this section unless the

> contested case is commenced within three years from the date of the last benefit payment under the order.

Iowa Code § 85.21(3). The provision expressly limits the time for seeking reimbursement.

The commissioner found that American Home made its last payment to the claimant in May 2013. American Home did not seek a section 85.21 order until December 2016. If we were to apply the three-year limitation period, American Home's application for such an order would have been untimely, but for the claimant's filing of a review-reopening petition within three years of the last benefit payment. Liberty Mutual conceded the claimant's petition opened the door for American Home's late filing. In short, American Home's belated reimbursement claim was saved by the claimant. The interpretation advanced by American Home—an ability to seek reimbursement from another carrier five years and nine months after receiving notice of an injury date outside its coverage period or, as suggested at oral argument, at any time—runs afoul of the express language of section 85.21(3).

The commissioner's procedure for addressing reimbursement claims is essentially a method of enforcing the statutory time limit. Per agency rule, the employer's insurance carrier is generally a party to the arbitration proceeding against the claimant. *See* Iowa Admin. Code r. 876–4.10 (titled, "Insurance carrier as a party," and stating, "Whenever any insurance carrier shall issue a policy with a clause in substance providing that jurisdiction of the employer is jurisdiction of the insurance carrier, the insurance carrier shall be deemed a party in any action against the insured"). The commissioner's order implementing section 85.21

authorizes the insurance carrier to bring in another party "to seek determination of *liability and reimbursement* from another carrier or employer for benefits paid pursuant to this order." (Emphasis added.) The prescribed form states[2]:

BEFORE THE IOWA WORKERS' COMPENSATION COMMISSIONER

_____ ,
                Claimant,
vs.

_____ ,
                Employer,

_____ ,
           Insurance Carrier,

_____ ,
              Defendant(s).

File No(s).: _____

_____

Application for
Payment of Benefits
Under Iowa Code § 85.21

1. Date of injury: _____

2. The employer or insurance carrier, without admitting liability, hereby applies for and consents to an order of the Iowa Workers' Compensation Commissioner under Iowa Code section 85.21, requiring the payment of weekly benefits and authorized Iowa Code section 85.27 benefits under chapters 85, 85A, or 85B. Payment of these benefits shall be subject to termination under Iowa Code section 86.13.

3. Other parties to dispute: _____

4. Claimant's address is: _____

5. Employer's address is: _____

6. Insurance Carrier's address is: _____

_____
Signature of Representative

An agency decision filed more than two decades ago confirms that the procedure set forth in rule 3.1(11) implements the time limit set forth in section 85.21(3). In *Van Wyngarden*, the commissioner stated, "Subsection 85.21(3) allows the named insurance carrier to bring a contested case against another insurance carrier or employer but only if the case is commenced within three years

---

[2] Form 14–0037 was updated in November 2020, but the relevant content remains the same.

from the date of the last benefit payment under this order." The commissioner summarized the statute as follows:

> Section 85.21 contemplates that sometime prior to an evidentiary hearing the industrial commissioner may order an insurance carrier to pay benefits due to an employee until liability is finally determined. In the event of a later determination that the named insurance carrier is not liable to a claimant the named insurance carrier is entitled to an order for reimbursement from the insurance carrier that is liable.

*Id.* The commissioner highlighted the purpose of requiring advance notice of reimbursement claims as follows:

> The statutory scheme of section 85.21 is set up to allow an employer or insurance carrier to seek an order prior to payment of benefits, and only when liability is finally determined, to seek reimbursement for benefits the employer or insurance carrier was "required to pay" under the order. . . . Litigation can be expected to proceed much more expeditiously where, as the statute contemplates, relief under section 85.21 is sought in advance, and all parties are subsequently well aware that potential contribution is an issue.

*Id.*

The commissioner articulated other purposes for early notice of reimbursement claims in *Arreola.* There, an insurer sought reimbursement from another insurer three-and-one-half years after a claimant filed arbitration petitions and two years and nine months after the evidentiary hearing. *See Arreola*, 2018 WL 1042709, at *1–2. The commissioner stated:

> By raising the issue of reimbursement at the time of evidentiary hearing, the deputy is able to avoid the potential for double-recovery by a claimant or double-payment by a party. . . .
> In this case, Farmington [(the insurer seeking reimbursement)] failed to raise the issue of reimbursement at any time prior to evidentiary hearing. . . . A procedure was available to Farmington whereby Farmington could maintain a right to seek reimbursement; Farmington did not utilize the procedure.

*Id.* at *4.

These purposes were elucidated in *Gardner.* There, one insurer sought reimbursement from another for benefits paid. *See Gardner*, 2007 WL 1438516, at *11. The issue was litigated at the arbitration hearing, along with the claimant's assertion that he sustained two separate injuries for which different insurers were responsible. *Id.* at *8–9. The deputy commissioner found a cumulative injury date that fell within the coverage of a single insurer and ordered that insurer to reimburse the other. *Id.* The entire matter was resolved with all players having notice and a chance to weigh in. *See id.* The manner of resolution had the added benefit of affording the claimant prompt payment of benefits without double recovery or double-payments.

The agency rule implementing section 85.21 together with agency adjudicative decisions make sense. An insurer should have to afford the commissioner early notice of the disputed nature of its claim so that the commissioner can address the issue at the arbitration hearing. *Cf.* Iowa Code § 86.13(1) (requiring an employer or insurance carrier that pays an employee weekly compensation benefits to file with the commissioner "a notice of the commencement of the payments"). Once the commissioner authorizes impleader of another insurer, the first insurer can seek to absolve itself of liability while at the same time allowing the second insurer to present its own defense to the claimant's case before liability is established. The interpretation adopted by the commissioner gives everyone with a stake in the case a chance to participate at the earliest opportunity. The supreme court endorsed these purposes in

*Bergeson*, where the reimbursement issue was litigated and resolved at the arbitration hearing:

> By recognizing the commissioner's authority to order reimbursement we further the beneficial purpose of encouraging the voluntary payment of benefits to the employee while the case is pending. Such an interpretation also supports the intent to reimburse employers and insurers and to avoid double recovery expressed in section 85.22 [(providing for "liability of others–subrogation")].

526 N.W.2d at 549.

We conclude the commissioner's decision limiting American Home's reimbursement claim to benefits paid after it sought and obtained a section 85.21 order was consistent with its precedents. *See* Iowa Code § 17A.19(10)(h) (reviewing agency action to determine whether it "is inconsistent with the agency's prior practice or precedents, unless the agency has justified that inconsistency by stating credible reasons sufficient to indicate a fair and rational basis for the inconsistency"). We further conclude the commissioner's interpretation of Iowa Code section 85.21 was neither "irrational, illogical, or wholly unjustifiable" nor "erroneous." *See id.* § 17A.19(10)(c), (*l*). The district court judgment reversing the portion of the commissioner's decision that declined to order reimbursement for benefits American Home paid prior to January 3, 2017, is reversed. The case is remanded for entry of a judgment consistent with this opinion.

**REVERSED AND REMANDED.**