# IN THE SUPREME COURT OF IOWA

No. 20–0769

Submitted January 20, 2022—Filed June 10, 2022

**AMERICAN HOME ASSURANCE,**

Appellee,

vs.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**

Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Polk County, William P. Kelly, Judge.

A workers' compensation insurer appeals from a ruling on judicial review reversing the workers' compensation commissioner's decision that the insurer was not entitled to reimbursement from another insurance carrier. **DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**

Appel, J., delivered the opinion of the court, in which all justices joined.

Benjamin T. Erickson (argued) and Andrew D. Hall of Grefe & Sidney, P.L.C., Des Moines, for appellant.

Aaron T. Oliver (argued) of Hansen, McClintock & Riley, Des Moines, for appellee.

**APPEL, Justice.**

In this appeal, American Home Assurance, a workers' compensation insurance carrier, paid benefits to an employee injured in June 2008 pursuant to an arbitration award. American Home did not file a notice prior to the arbitration that, pursuant to Iowa Code section 85.21 (2016), it was paying the claim subject to a potential coverage issue. By 2013, American Home paid all the benefits owed to the employee under the arbitration award.

In 2016, however, the employee filed a petition to reopen the case. After the petition to reopen was filed, American Home filed a notice under Iowa Code section 85.21 seeking reimbursement of benefits paid to the employee on the ground that on the date of injury Liberty Mutual Fire Insurance Company was providing the employer with workers' compensation coverage.

The parties filed cross-motions for summary judgment on the reimbursement question. The deputy workers' compensation commissioner concluded that American Home was entitled to make a retroactive claim for reimbursement of benefits paid. The commissioner reversed, holding that in order to be entitled to reimbursement, American Home was required to file notice under Iowa Code section 85.21 before the arbitration proceeding. Because American Home did not file such a notice, the commissioner reasoned that the company could not years later seek to be reimbursed for benefits paid pursuant to the arbitration order.

American Home filed a petition for review of agency action in district court. The district court reversed the commissioner. The district court concluded that

Iowa Code section 85.21 gave the commissioner broad power to order reimbursement and that the broad powers were not time-limited in the statute.

Liberty Mutual appealed. The court of appeals, agreeing with the commissioner, reversed. We granted further review. For the reasons expressed below, we reverse the judgment of the district court.

## I. Factual Background and Proceedings.

An employee filed a workers' compensation claim against an employer for injuries allegedly sustained on November 15, 2007, while the employee was on the employer's jobsite. The employee later amended the petition, alleging an injury date of June 30, 2008. After an arbitration hearing, the deputy workers' compensation commissioner found the injury occurred on June 16, 2008. The deputy commissioner ordered the employer and its apparent insurer, American Home, to pay the claimant 125 weeks of permanent partial disability benefits. The commissioner affirmed the award on appeal. American Home commenced making weekly payments. American Home made its final payment to the claimant in 2013.

In 2016, the claimant filed a petition to reopen his case. After the petition to reopen was filed, American Home discovered it was not the insurer when the claimant's injury occurred. As a result, American Home filed with the commissioner an "Application and Consent Order for Payment Benefits Under Iowa Code Section 85.21."

The deputy commissioner granted the application on January 3, 2017. The deputy's order granted American Home the ability to petition or intervene in the

proceedings before the agency and seek a determination of which insurer was liable for the claim. Shortly thereafter, American Home filed a petition for contribution under Iowa Code section 85.21, seeking reimbursement from Liberty Mutual. American Home claimed that Liberty Mutual, and not American Home, provided the employer with workers' compensation coverage at the time of the worker's compensable injury.

Liberty Mutual filed a motion for partial summary judgment with the workers' compensation commissioner. Liberty Mutual asserted that American Home could only seek reimbursement from a third party for benefits paid after a consent order pursuant to Iowa Code section 85.21 was entered. Such an order, according to Liberty Mutual, was not entered in the present case until January 3, 2017; thus, Liberty Mutual argued that American Home was not entitled to any benefits paid prior to that date.

American Home filed a cross-motion for summary judgment. American Home requested a determination that Liberty Mutual owed contribution for benefits paid in the past by American Home and for any future benefits. The deputy workers' compensation commissioner determined American Home was entitled to "contribution for benefits paid, at any time, in connection with [the claimant's] June 16, 2008 work injury."

On intra-agency appeal, the commissioner by delegation disagreed with the deputy commissioner and reversed the determination that American Home was entitled to reimbursement for benefits paid before January 3, 2017. The commissioner relied on the language of Iowa Code section 85.21 and concluded

Liberty Mutual was not liable for contribution to American Home for benefits paid before the consent order.

American Home filed a petition for judicial review. The district court reversed the agency's final decision and sustained American Home's motion for summary judgment. According to the district court, Iowa Code section 85.21 vests broad authority in the commissioner to enter orders of reimbursement and that authority is not time-limited by the text of the statute.

Liberty Mutual appealed. We transferred the case to the court of appeals. The court of appeals reversed the district court's ruling. The court of appeals held that the commissioner's decision limiting American Home's reimbursement claim to benefits paid after it sought and obtained an Iowa Code section 85.21 order was consistent with past precedents and represented a sound interpretation of the statute.

We granted further review. We now affirm the decisions of the commissioner and the court of appeals and reverse the judgment of the district court.

**II. Standard of Review.**

Iowa Code section 17A.19(1) permits parties who are "aggrieved or adversely affected by any final agency action" to seek judicial review. *See Des Moines Area Reg'l Transit Auth. v. Young*, 867 N.W.2d 839, 841–42 (Iowa 2015). The standard of review applied to an agency's determination of legal issues depends upon whether this court gives deference to interpretations of law by the agency. "When discretion has been vested in the commissioner, 'we

reverse only if the commissioner's application was "irrational, illogical, or wholly unjustifiable." ' " *Id.* at 842 (quoting *Larson Mfg. Co. v. Thorson*, 763 N.W.2d 842, 850 (Iowa 2009)); *see* Iowa Code § 17A.19(10)(*l*). On the other hand, if discretion to interpret a statute has not been vested in the agency, our review is for errors at law. Iowa Code § 17A.19(10)(*c*).

We have noted that "[i]n recent years, [this court has] repeatedly declined to give deference to the commissioner's interpretations of various provisions in chapter 85." *Iowa Ins. Inst. v. Core Grp. of the Iowa Ass'n for Just.*, 867 N.W.2d 58, 65 (Iowa 2015); *see also Warren Props. v. Stewart*, 864 N.W.2d 307, 311 (Iowa 2015) (recognizing that "the legislature has not vested the commissioner with the authority to interpret" Iowa Code chapter 85). This court will consider "the precise language of the statute, its context, the purpose of the statute, and the practical considerations involved." *Mosher v. Dep't of Inspections & Appeals*, 671 N.W.2d 501, 509 (Iowa 2003) (quoting Arthur E. Bonfield, *Amendments to Iowa Administrative Procedure Act (1998), Report on Selected Provisions to Iowa State Bar Association and Iowa State Government* 63 (1998)). As will be seen below, the question of standard of review has no impact on this case as even if we engage in de novo review, we would reverse the district court and affirm the approach of the commissioner.

**III. Discussion.**

**A. Overview of Iowa Code Section 85.21.** This case involves Iowa Code section 85.21. This prolix provision states that an insurance carrier may seek a consent order and pay benefits to an injured worker while reserving the right to

seek indemnity or contribution from another carrier. *Id.* Specifically, the statute

provides:

> 1. The workers' compensation commissioner may order any number or combination of alleged workers' compensation insurance carriers and alleged employers, which are parties to a contested case or to a dispute which could culminate in a contested case, to pay all or part of the benefits due to an employee or an employee's dependent or legal representative if any of the carriers or employers agree, or the commissioner determines after an evidentiary hearing, that one or more of the carriers or employers is liable to the employee or to the employee's dependent or legal representative for benefits under this chapter or under chapter 85A or 85B, but the carriers or employers cannot agree, or the commissioner has not determined which carriers or employers are liable.
>
> . . . .
>
> 3. When liability is finally determined by the workers' compensation commissioner, the commissioner shall order the carriers or employers liable to the employee or to the employee's dependent or legal representative to reimburse the carriers or employers which are not liable but were required to pay benefits. Benefits paid or reimbursed pursuant to an order authorized by this section do not require the filing of a memorandum of agreement. However, a contested case for benefits under this chapter or under chapter 85A or 85B shall not be maintained against a party to a case or dispute resulting in an order authorized by this section unless the contested case is commenced within three years from the date of the last benefit payment under the order. The commissioner may determine liability for the payment of workers' compensation benefits under this section.

*Id.*

**B. Positions of the Parties.** American Home argues that Iowa Code section 85.21 grants broad powers to the workers' compensation commissioner to resolve disputes between insurers regarding liability for workers' compensation benefits. American Home notes that in *Area Education Agency 7 v. Bauch*, this court held that the benefits of the workers' compensation law

should not be defeated by "reading something into it which is not there, or by a strained or narrow construction." 646 N.W.2d 398, 400 (Iowa 2002) (quoting *Thomas v. William Knudson & Son, Inc.*, 349 N.W.2d 124, 126 (Iowa Ct. App. 1984)). American Home argues that the district court was correct in stating that there is no provision within Iowa Code section 85.21 that limits the language or imposes time constraints when requesting reimbursement from another insurance carrier.

American Home further argues that the commissioner violated previous Iowa court decisions that held the commissioner has "comprehensive" authority under Iowa Code section 85.21 to apportion liability between insurers. *Zomer v. W. River Farms, Inc.*, 666 N.W.2d 130, 133 (Iowa 2003); *see also United Techs. Corp. v. Bahmler*, No. 01–1512, 2003 WL 553855, at *5 (Iowa Ct. App. Feb. 28, 2003) (noting that section 85.21 "empowers the . . . commissioner to apportion liability between insurance carriers and to order reimbursement to any carrier that was not liable but was required to pay"). In *Second Injury Fund of Iowa v. Bergeson,* this court similarly determined that section 85.21 "gives the commissioner authority to order reimbursement where one party makes voluntary payment that ultimately the commissioner determines should have been paid by another party," though the opinion in that case does not answer the ultimate question of whether an insurer must seek reimbursement within a particular timeframe. 526 N.W.2d 543, 549 (Iowa 1995). American Home also cites to *Wilson Food Corp. v. Cherry* to argue that there is a long list of historical precedent under the Iowa workers' compensation statute that payments made

by mistake are generally recoverable. 315 N.W.2d 756, 757–58 (Iowa 1982). American Home argues the commissioner should have exercised its authority in its favor in this case.

Liberty Mutual argues that Iowa Code section 85.21 is ambiguous but the commissioner has consistently held that a failure to seek an order under the statute prior to an evidentiary hearing is a bar to retroactive reimbursement. *See Arreola v. Bodeans Baking Grp. Holding, LLC*, Iowa Workers' Comp. Comm'n Nos. 5040956, 5040974, 2018 WL 1042709, at *3–4 (Feb. 16, 2018) (collecting decisions). Liberty Mutual argues that this court has upheld the assertion that Iowa Code section 85.21 was designed to "encourage[e] the voluntary payment of benefits to the employee while the case is pending." *Second Inj. Fund of Iowa*, 526 N.W.2d at 549. Liberty Mutual argues that the district court's interpretation would cause unintended consequences that undermine this statutory design.

In interpreting Iowa Code section 85.21, the court of appeals agreed that the commissioner's authority is broad. The court of appeals, however, reasoned that the commissioner is not authorized to grant any reimbursement claim by an insurer without examining when the insurer filed its application for an order under section 85.21. The court of appeals noted that no caselaw cited by the parties answers the question as to whether mistaken payments that are later discovered can be reimbursed at any time after the arbitration award or expiration of the benefit payments. The court of appeals relied upon *Arreola v. Bodeans Baking Group Holding* and other agency authorities to conclude that

Iowa Code section 85.21 limits American Home's reimbursement claim to benefits paid after it sought a consent order.

As will be seen below, although we analyze the problem differently than the court of appeals, we agree with the result.

**C. Discussion.** Iowa Code section 85.21 clearly vests broad authority in the commissioner to enter orders relating to the allocation of financial responsibility among insurers. *Zomer*, 666 N.W.2d at 133. Further, the statute gives the commissioner the power to order insurance carriers to reimburse an insurance carrier when both "are parties to a contested case or to a dispute which could culminate in a contested case." Iowa Code § 85.21(1). Conversely, the commissioner does not have the authority to order an insurance carrier to provide reimbursement if they are not a party to the contested case. *Hartman v. Clarke Cnty. Homemakers*, 520 N.W.2d 323, 326 (Iowa Ct. App. 1994).

No one disputes, however, that Iowa Code section 85.21 "creates the right to indemnification or contribution for a payor of benefits against another employer or its insurer who may be liable to the employee for all or part of the benefits paid by the payor." *United Fire & Cas. Co. v. St. Paul Fire & Marine Ins.*, 677 N.W.2d 755, 760 (Iowa 2004); *see Second Inj. Fund*, 526 N.W.2d at 549.

But this question is not about the authority of the workers' compensation commissioner to provide an indemnification or contribution remedy under Iowa Code section 85.21. The precise question here is whether the commissioner can require an insurance company to seek an order pursuant to section 85.21 prior to an evidentiary hearing in an arbitration proceeding. In other words, the sole

issue this case presents is how the substantive right established by the legislature in Iowa Code section 85.21 may be procedurally asserted in a workers' compensation proceeding. Specifically, the question is whether the commissioner may employ a procedural device, akin to claim preclusion, on a claim by an insurance carrier for reimbursement pursuant to section 85.21.

The statute is silent on this procedural issue. That is hardly a surprise since the purpose of the statute was to create a substantive right, not to provide a detailed procedural framework on how that substantive right may be asserted and enforced before the commissioner.

A generally applicable requirement that an insurance company obtain an 85.21 consent order prior to an evidentiary proceeding is not unreasonable. Certainly the insurance carrier is in a position to know when its coverage is extended to an employer, and the carrier may discover the relevant date of injury in the arbitration proceeding. As pointed out by the commissioner in his decision on appeal in this case, "the insurer pled by the claimant will have had a full opportunity to conduct discovery, depose the necessary individuals, and investigate." The commissioner further observed that the requirement of seeking an 85.21 order prior to an evidentiary hearing discourages "drawn out or piecemeal litigation." Further, by structuring the procedures in this manner, the likelihood that the contribution issue can be resolved while matters are fresh is enhanced.

A review of agency precedent demonstrates that the commissioner has adopted the procedural rule as claimed by Liberty Mutual. The 1995 decision in

*Van Dyk v. Hope Haven*, Iowa Workers Comp. Comm'n Nos. 1021846, 1030780 (Feb. 27, 1995), appears to be one of the first to address the procedural issue of whether an insurance company is required to obtain an order under Iowa Code section 85.21 prior to an evidentiary proceeding in order to assert rights of indemnification or contribution from other carriers. A deputy commissioner in that case held that section 85.21 "is intended to be prospective in nature" and that "retroactive contribution is not available" under the statute. *Id.*

Thereafter, the question appears to have been definitively determined in *Employers Mutual Casualty Cos. v. Van Wyngarden & Abrahamson*, Iowa Workers' Comp. Comm'n Nos. 1059572, 1059573, 1059574, 1011165 (June 20, 1998). In *Van Wyngarden*, the commissioner reviewed prior decisions and reaffirmed that an Iowa Code section 85.21 order must be obtained by a carrier prior to an evidentiary proceeding. *Id.* The "*Van Wyngarden* rule" has been applied in a number of subsequent decisions. *See, e.g., Arreola*, 2018 WL 1042709, at *3; *Dakota Truck Underwriters v. Cont'l W. Ins.*, Iowa Workers' Comp. Comm'n Nos. 5028722, 5028738, 2011 WL 13186195, at *1 (Sept. 28, 2011); *Gardner v. Great River Med. Ctr.*, Iowa Workers' Comp. Comm'n Nos. 5018081, 5018082, 5018083, 2007 WL 1438516, at *11 (Apr. 26, 2007); *Akers v. Woodmarc*, Iowa Workers' Comp. Comm'n Nos. 1124900, 5003252, 2002 WL 32125459, at *5 (Feb. 6, 2002); *Mehmen v. Archer Daniels Midland*, Iowa Workers' Comp. Comm'n No. 1059955, 1999 WL 33619593, at *6 (Dec. 30, 1999); *see also Va. Sur. Co. v. Kiowa Corp.*, Iowa Workers' Comp. Comm'n No. 1195075, 1999 WL 33619662, at *4 (Apr. 22, 1999) (applying the

*Van Wyngarden* rule but granting the insurer's request for reimbursement where the request was filed but not acted upon prior to the hearing date).

Conceivably, the commissioner might decide that there should be exceptions to the *Van Wyngarden* rule. In cases involving cumulative injury, for instance, the issue of coverage might be somewhat complex. In this case, however, American Home was not blindsided by a late determination of the date of injury. The employee filed an amended claim in March 2011, about eight months before the evidentiary hearing in the case. In that amendment, the claimant asserted that the date of injury was June 30, 2008, well outside the period of coverage provided by American Home.

At the bottom, we conclude the commissioner may require that insurance carriers obtain a reimbursement order pursuant to Iowa Code section 85.21 prior to an evidentiary hearing in order to seek indemnity or contribution from another carrier. The procedural question is not controlled by the substantive provisions of section 85.21. Instead, the commissioner has simply established, through the *Van Wyngarden* adjudication, a rule of procedure for handling section 85.21 claims. As a result, even if we engage in de novo review, we conclude that the commissioner did not engage in an "erroneous interpretation" by recognizing the *Van Wyngarden* procedural rule and applying it in this case. Iowa Code § 17A.19(10)(*c*).

**IV. Conclusion.**

For the above reasons, we reverse the decision of the district court and remand the case for entry of a judgment consistent with this opinion.

**DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**